```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
YEHOSHUA SCHWARTZ and
MICHELLE SCHWARTZ,

                Plaintiffs,                    08 CV 5156 (KAM) (ALC)

        v.                                     REPORT AND
                                               RECOMMENDATION

CARAVAN TRUCKING, L.L.C. and
WILLIE ELLIOTT,

                Defendants.
---------------------------------------------------X
```

**CARTER, United States Magistrate Judge:**

This personal injury action involves a motor vehicle accident which occurred on July 8, 2008, on Rockaway Boulevard in Queens County. The accident occurred at the intersection of Rockaway Boulevard and the Five Towns Shopping Center. At the time, plaintiff Yehoshua Schwartz ("Schwartz") was driving a 2006 Suzuki GSX 600 CC "Sport" motorcycle in the northbound right lane of Rockaway Boulevard, and defendant Willie Elliott ("Elliott") was operating a tractor trailer maintained by both him and Caravan Trucking, L.L.C. (collectively "Defendants"). Elliott's vehicle traveled southbound on Rockaway Boulevard and attempted to make a left turn at the intersection of the Five Towns Shopping Center. Elliott's tractor trailer was still in the intersection when Schwartz's motorcycle collided with it. Schwartz's wife Michelle Schwartz joins in the action, asserting a loss of consortium claim.

Presently before me is Defendants' motion to preclude the testimony of Stephen Coulon ("Coulon"), Plaintiffs' proffered collision reconstruction expert. Based on the submissions of the parties, and for the reasons stated below, I recommend granting Defendants' motion in part and denying it in part.

1

DISCUSSION

Rule 702 of the Federal Rules of Evidence ("Rule 702") governs the admissibility of Coulon's proffered testimony. It provides, in relevant part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or explanation, may testify thereto. . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993), the Supreme Court set forth the standard by which the Court should evaluate potential expert testimony. To satisfy Rule 702, courts must conduct a three-pronged inquiry, first determining whether to qualify the proffered witness as an expert. See generally id. at 587-590; see also Peretz v. Home Depot, Inc., No. 08 CV 4106 (BMC), 2009 WL 3124760, at *1 (E.D.N.Y. Sept. 29, 2009). If the witness is qualified as an expert, the proffered testimony must then be examined to determine if it is both relevant and reliable. Nosal v. Granite Park LLC, 269 F.R.D. 284, 286 (S.D.N.Y. 2010). "The inquiry envisioned by Rule 702 is a flexible one." Daubert, 509 U.S. at 594; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). Thus, a "liberal standard of admissibility" ought to be employed. Nimely v. City of New York, 414 F.3d 381, 395-396 (2d Cir. 2005); see also Nosal, 269 F.R.D. at 287 (citations omitted).

*Expert Qualifications*

According to Coulon's curriculum vitae, he has 44 years' experience responding to accident scenes in various capacities, including as an Emergency Medical Technician ("EMT"), an EMT instructor, and a member of the New York Police Department's Accident Investigation Squad, where, for six years, he was responsible for serious motor vehicle collision investigations.

Additionally, Coulon is a trained motor scooter operator, has served as both a scooter and motorcycle officer and served in those capacities for 11 of the 18 years he spent with the Police Department. He has trained new officers in the operation of police motorcycles and attended numerous training programs related to vehicle safety, including accident investigation courses, accident reconstruction courses and conferences on biomechanics. After his retirement from the New York Police Department in 1986, Coulon became a proprietor of Northeastern Accident Investigations and Safety Specialists, a consulting firm specializing in accident reconstruction and highway safety. Under these circumstances, I find that Coulon possesses relevant skills and experience such that he "can render a competent opinion" on the physical mechanics of a motor vehicle accident. Cf. Peretz, 2009 WL 3124760, at *2 ("[T]he expert must have relevant experience and qualifications such that whatever opinion he will ultimately express[] will not be speculative.") (collecting cases); see also Nosal, 269 F.R.D. at 287 (architect and engineer qualified as an expert in action involving a slip and fall in a bathtub based on this 35 years working on residential properties).[1]

*Relevance and Reliability*

Federal Rule of Evidence 401 defines relevant evidence as evidence with "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In determining the relevance of an expert's proffered testimony, Rule 702 requires that the court examine whether the

---

[1] Defendants provided only boilerplate objections to Coulon's qualifications, focusing mostly on the fact that Coulon is not an engineer. However, Coulon is not attempting to testify as to a defect in manufacturing or design, which fields more readily lend themselves to experts trained specifically in engineering. Moreover, Defendants are free to raise this issue on cross-examination. See, e.g., McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1042-3 (2d Cir. 1995) (objection to expert qualifications "properly explored on cross-examination" and "went to [the] testimony's weight and credibility— not its admissibility").

3

testimony will assist the trier of fact. Daubert, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, not helpful."); Nimely, 414 F.3d at 397 (expert testimony must assist the trier of fact).

In this action, Defendants contest the admissibility of all six of Coulon's conclusions: (1) that Elliott had a clear view of the opposing lanes on Rockaway Boulevard and should have seen Schwartz approaching; (2) that Schwartz's motorcycle is equipped with headlights and taillights that are automatically illuminated when the vehicle is in motion; (3) that Elliott made an illegal left turn, in violation of New York Vehicle and Traffic Law § 1163; (4) that Elliott violated New York Vehicle Traffic Law § 1141 by making a left turn after the turning arrow changed from green to red; (5) that Schwartz had insufficient time and distance in which to come to a stop prior to colliding with Elliott's tractor trailer; and (6) that the lack of collision damage to either the tractor trailer or the motorcycle indicate the motorcycle was not moving at an excessive speed.

As an initial matter, conclusions (3) and (4) are both conclusions of law, which Coulon is not permitted to make before a jury. See United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991) ("[A]lthough an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts."); Saint v. United States, 483 F. Supp. 2d 267, 270 (E.D.N.Y. 2007) (violation of N.Y.V.T.L. § 1141 constitutes negligence per se) (citing Ciatto v. Lieberman, 260 A.D.2d 494, 495, 698 N.Y.S.2d 54, 55 (N.Y. App. Div. 1999)); Rebay v. Tormey, 2 A.D.3d 826, 826-7, 769 N.Y.S.2d 386, 387 (N.Y. App. Div. 2003) (violation of N.Y.V.T.L. § 1163 constitutes negligence as a matter of law). Therefore, I recommend granting Defendants' motion as to these two findings.

Defendants concede that Coulon's remaining findings are all relevant to the issue of negligence. What remains, therefore, is the question of reliability.

The Supreme Court has articulated a number of factors that can be considered in determining if proffered testimony is reliable, including (1) whether the expert's theory can or has been tested; (2) whether it has been subject to peer review; (3) its potential for error; and (3) whether it generally accepted in the relevant scientific community. Daubert, 509 U.S. at 592-594; Amorgianos v. National R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002). However, this list is not exhaustive. Moreover, "the Daubert inquiry is fluid and will necessarily vary from case to case." Amorgianos, 303 F.3d at 266. As a result, "the law grants a district court . . . broad latitude when it decides *how* to determine reliability as it enjoys in respect to the ultimate liability determination." Kumho Tire, 526 U.S. at 142 (emphasis in original).

Here, Coulon examined both the motorcycle and tractor trailer within five weeks of the accident. He observed "relatively little impact crash damage" on the motorcycle, including its fragile plastic components, indicating to him that the motorcycle was not moving at an excessive rate of speed at the time of the accident, and the tractor trailer bore "no physical evidence of note." Coulon also took detailed measurements at the scene using Rolatape, a professional measuring device set upon a horizontal axle. He observed 40 cycles of traffic light changes at the intersection where the accident took place, recorded the duration of the signals, specifically, the left turn signal, and based his conclusions on his observations of the scene, as well as the deposition testimony of Schwartz, Elliott, and non-party witness Moshe Lipschitz. Coulon's report also applied uncontroverted and technical mathematical formulas used to determine velocity, breaking distance and stopping distance. Using these formulas, Coulon determined the amount of time it would take Schwartz to decelerate enough to avoid the collision. Coulon applied these formulas not only to the speed at which Schwartz claimed to be traveling, but to speeds from 5 to 50 miles per hour.

Therefore, I find that Plaintiffs have established by a preponderance of the evidence that the proffered testimony is relevant and reliable. See United States v. Williams, 506 F.3d 151, 160 (2d Cir. 2007) (proponent of expert testimony bears the burden of establishing that Rule 702 has been satisfied by a preponderance of the evidence); Rupolo v. Oshkosh Truck Corp., No. 05 CV 2978 (SLT) (RER), 2009 WL 6547339, at *6 (E.D.N.Y. Oct. 27, 2009) (expert methodology and reasoning sufficiently reliable where he consulted OSHA safety regulations, compared them with the ladder involved in accident, and measured the traction on its top rung). Moreover, to the extent Defendants challenge Coulon's methodology or principles, they are not without remedy, since his methods will be ripe for cross-examination at trial. See Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); see also Rupolo, 2009 WL 6547339, at *7 ("Disagreements about the expert's credentials, methodology, or other areas of qualifications go to the weight, not the admissibility of the evidence and are best addressed through cross-examination.").

For the foregoing reasons, I recommend denying Defendants' motion to preclude Coulon's proffered evidence, except to the extent, as noted above, that Coulon concludes that Elliott violated New York Vehicle and Traffic Law provisions. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation. Such objections shall be filed on ECF. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered. SO ORDERED.

DATED: January 5, 2011  _____/s_____
      Brooklyn, New York        Andrew L. Carter, U.S.M.J.